Z. Kathryn Branson, Esq., Bar No. 11540
Amanda M. Browder, Esq., admitted *pro hac vice*
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV  89169.5937
Telephone:	702.862.8800
Fax No.:	702.862.8811
Email:	kbranson@littler.com
	abrowder@littler.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RAEGAN ZOCH, in her individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, SERVICES LLC, a foreign limited liability company and DOES I-XX,<br><br>Defendants. | Case No. 3:24-cv-00289-MMD-CLB<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

Plaintiff RAEGAN ZOCH ("Plaintiff"), and Defendant AMAZON.COM SERVICES LLC ("Defendant") (collectively, the "Parties"), by and through their respective counsel, agree as follows:

**1.	Scope.** This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action that the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to this Order, including but not limited to, all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all materials (including documents or testimony) produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof (collectively the "Confidential Information").

**2.** **Purpose.** The purpose of this Protective Order is to protect against the unnecessary dissemination of Confidential Information.

**3.** **Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Information or information contained therein.

**4.** **Designating Material As Confidential.** Any party, or any third party subpoenaed by one of the parties, may designate as confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by statute or common law, including, but not limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Information that is publicly available may not be designated as confidential. The designation of materials as confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**5.** **Form and Timing Of Designation.**

    **a.** **Documents And Written Materials.** The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp identifying it as "CONFIDENTIAL," if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

    **b.** **Electronically Stored Information ("ESI"):** If a production response includes

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

ESI, the Producing Entity shall make an effort to include within the electronic files themselves the designation "CONFIDENTIAL" to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL."

      **c.**      **Deposition Testimony.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 14 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected, except that any exhibit that has previously been marked as "CONFIDENTIAL" at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to be confidential under this Order without further designation.

**6.**      **Limitation Of Use.**

      **a.**      **General Protections.** All information designated "CONFIDENTIAL", including all information derived therefrom, shall be used by the Receiving Party solely for purposes of prosecuting or defending this Action. The Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, the Receiving Party shall not disclose Confidential Information to any third party. This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Confidential Information, and that belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

      **b.**      **Persons To Whom Confidential Information May Be Disclosed.** Use of any information, documents, or portions of documents marked "CONFIDENTIAL," including all information derived therefrom, shall be restricted solely to the following persons who agree to

be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

2. in-house counsel for the parties, and the administrative staff for each in-house counsel;

3. any party to this action who is an individual;

4. as to any party to this action who is not an individual, every employee, director, officer, or manager of that party, but only to the extent necessary to further the interest of the parties in this litigation;

5. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

6. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

7. the authors and the original recipients of the documents;

8. any court reporter or videographer reporting a deposition;

9. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action;

10. interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a party to this action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this action (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the document(s) to anyone; or

11. any other person agreed to in writing by the parties.

Prior to being shown any documents produced by another party marked "CONFIDENTIAL," any

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

person listed under paragraph 6(b)(3), 6(b)(4), or 6(b)(11) shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order.

      **7.**      **Inadvertent Production.** Inadvertent production of any document or information with the designation of "CONFIDENTIAL" shall be governed by Fed. R. Evid. 502. Pursuant to subsections (d) and (e) of that Rule, the parties agree to, and the Court orders, protection of Protected Information against claims of waiver (including as against third parties and in other Federal and State proceedings) in the event such information is produced during the course of this litigation, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows:

    a.    the production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information;

    b.    the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the receiving party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

    c.    if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Entity in writing that it has discovered Protected Information, identify the Protected Information by Bates Number range, and return or sequester such Protected Information until the Producing Entity confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Protected Information (as described in Subparagraph (e) below), the Receiving Party will return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Entity;

    d.    upon the request of the Producing Entity, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the Protected Information;

    e.    if the Producing Entity intends to assert a claim of privilege or other protection over Protected Information identified by the receiving party, the Producing Entity will, within ten (10) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information

       that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection;

f. if, during the course of the litigation, a party determines it has produced Protected Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the receiving party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Protected Information. After receiving such written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;

g. a Receiving Party's return, sequestration, or destruction of such Protected Information as provided in the Subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to prevent the disclosure of the Protected Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure; and

h. nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party;

i. prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked "CONFIDENTIAL" under this Order, or in any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if it does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**8.     Filing Materials Containing Information Designated Confidential.** In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

1  designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and
2  evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding
3  measures are inadequate, seeking permission to file the document under seal by filing a motion for
4  leave to file under seal.

5  Any motion to file a document subject to this Order under seal must meet the Ninth Circuit's
6  standard set forth in *Kamakana v. City of Cnty. Of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The
7  burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving
8  party, and requires the moving party to analyze in detail, document by document, the propriety of
9  secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the
10 Court's independent obligation to determine whether a seal is appropriate for any given document or
11 portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored
12 to serve the compelling reasons.

13 When a party to this Order seeks to file documents which it believes may warrant sealing, but
14 is not the party who may be prejudiced by the document or documents becoming part of the public
15 record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-
16 prejudiced third party or parties, with written notification of its intent to file such documents at least
17 (14) **fourteen days** before doing so. After being provided such notice, the potentially harmed party or
18 parties will then have (7) **seven days** to file with the Court a motion for sealing. The Court will rule
19 on the motion as promptly as possible.

20 **9.     Attorneys Allowed To Provide Advice.** Nothing in this Order shall bar or otherwise
21 restrict any attorney for any party from rendering advice to his or her client with respect to this case
22 or from doing anything necessary to prosecute or defend this case and furthering the interests of his or
23 her client, except for the disclosure of the Confidential Information as proscribed in this Order.

24 **10.    Excluding Others From Access.** Whenever information designated as "Confidential"
25 pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated
26 the information as "Confidential" may exclude from the room any person, other than persons
27 designated in Paragraph 6 of this Order, as appropriate, for that portion of the deposition.

28

1    **11.    No Voluntary Disclosure To Other Entities.** The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in Paragraph 6 of this Order or as otherwise commanded by law or provided in this Order. Nothing in this Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

**12.    Disputes As To Designations.** Each party has the right to dispute the confidential status claimed by any other party or subpoenaed person or entity in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the person or entity that designated the documents or materials. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the "CONFIDENTIAL" designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of disagreement, then the designating person or entity shall file a motion pursuant to Federal Civil Rule 26(c). A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

**13.    All Trials Open To Public.** All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent further order of the Court, there will be no restrictions on any Party's ability to the use during a Public Hearing any document or information that has been designated as "CONFIDENTIAL," or documents or information derived therefrom that would disclose such confidential information. However, if a party intends to present at a Public Hearing any document or information that has been so designated, the party intending to present such document or information shall provide advance notice to the person

1  or entity that designated the material as Confidential at least (5) **five** days before the Public Hearing
2  by identifying the documents or information at issue as specifically as possible (i.e., by Bates Number,
3  page range, deposition transcript line, etc.) without divulging the actual documents or information.
4  Any person may then seek appropriate relief from the Court regarding restrictions on the use of such
5  documents or information at trial, or sealing of the courtroom, if appropriate.

6  **14.**    **No Waiver Of Right To Object.** This Order does not limit the right of any party to
7  object to the scope of discovery in the above-captioned action.

8  **15.**    **No Determination Of Admissibility.** This Order does not constitute a determination
9  of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections
10 thereto.

11 **16.**    **No Admissions.** Designation by either party of information or documents as
12 "CONFIDENTIAL," or failure to so designate, will not constitute an admission that information or
13 documents are or are not confidential or trade secrets. Neither party may introduce into evidence in
14 any proceeding between the parties, other than a motion to determine whether the Protective Order
15 covers the information or documents in dispute, the fact that the other party designated or failed to
16 designate information or documents as "CONFIDENTIAL."

17 **17.**    **No Prior Judicial Determination.** This Order is based on the representations and
18 agreements of the parties and is entered for the purpose of facilitating discovery in this action. Nothing
19 in this Order shall be construed or presented as a judicial determination that any documents or
20 information designated as "CONFIDENTIAL" by counsel or the parties is in fact subject to protection
21 under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court
22 may rule on a specific document or issue.

23 **18.**    **Order Subject To Modification.** This Order shall be subject to modification by the
24 Court on its own motion or on motion of a party or any other person with standing concerning the
25 subject matter.

26 **19.**    **Parties May Consent To Disclosure.** Nothing shall prevent disclosure beyond the
27 terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected
28 parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any

1  Confidential Information beyond the terms of this Order, that party shall provide all other parties with
2  reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve
3  their disagreement with respect to the disclosure of any Confidential Information, then a party may
4  petition the Court for a determination of these issues. In addition, any interested member of the public
5  may also challenge the designation of any material as confidential, pursuant to the terms of this
6  paragraph.

7    **20.    Return Of Materials Upon Termination Of Litigation.** Upon the written request and
8  expense of the Producing Entity, within 30 days after the entry of a final judgment no longer subject
9  to appeal on the merits of this case, or the execution of any agreement between the parties to resolve
10 amicably and settle this case, the parties and any person authorized by this Protective Order to receive
11 confidential information shall return to the Producing Entity, or destroy, all information and
12 documents subject to this Protective Order, unless the specific document or information has been
13 offered into evidence or filed without restriction as to disclosure. The party requesting the return of
14 materials shall pay the reasonable costs of responding to its request. The party returning or destroying
15 the documents or other information shall certify that it has not maintained any copies of confidential
16 information, except as permitted by this Order.

17 ///
18 ///
19 ///

**21.     Counsel Allowed To Retain Copy Of Filings.** Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach information designated as "CONFIDENTIAL." Moreover, an attorney may use his or her work product in subsequent litigation provided that such use does not disclose any information or documents designated in this matter as "CONFIDENTIAL."

Dated: December 30, 2024                                                                Dated: December 30, 2024

Respectfully submitted,                                                                  Respectfully submitted,

*s/ Kendra J. Jepsen (w/permission)*                                        *s/ Amanda M. Browder*

Joseph S. Gilbert, Esq.                                                                  Z. Kathryn Branson, Esq.
Kendra J. Jepsen, Esq.                                                                  Amanda M. Browder, Esq.,
JOEY GILBERT LAW                                                                       admitted *pro hac vice*
JEPSEN LAW, PLLC                                                                        LITTLER MENDELSON, P.C.

Attorneys for Plaintiff                                                                    Attorneys for Defendant
RAEGAN ZOCH                                                                              AMAZON.COM SERVICES LLC

## ORDER

The Court will only retain jurisdiction over this order while the case is pending and its jurisdiction will cease upon dismissal of the case.

**IT IS SO ORDERED.**

Dated: December 30, 2024

_____
UNITED STATES MAGISTRATE JUDGE

4873-8560-1523.1 / 114766-1212

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169.5937
702.862.8800